COURT OF APPEALS













COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

JUAN MANUEL NAVARIZ, JR.,                        )

                                                                              )              
No.  08-02-00385-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
161st District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Ector County, Texas

Appellee.                           )

                                                                              )                    (TC# B-29,488)

                                                                              )

 

 

O
P I N I O N

 

Appellant Juan
Manuel Narvaiz, Jr. appeals from his conviction of aggravated sexual assault of
a child.[1]  A jury found Appellant guilty and assessed
the punishment of 50 years=
imprisonment and a $10,000 fine.  In a
single issue on appeal, Appellant alleges ineffective assistance of
counsel.  We affirm.








The victim, whose pseudonym
during the trial was Crystal[2],
was nine years old when she was sexually assaulted.  She, her mother, and younger sister were
living in the home of the Appellant and his family.

Early in May of
2001, all of the children in the two families were left alone with the
Appellant for several days.  Crystal testified that
Appellant put her in his bed and was rubbing Ahis
thing between [her] butt cheeks.@  At the time, she was only wearing her shirt
and Appellant was completely nude.  The
next morning, Crystal
woke up to find herself in Appellant=s
bed.  Appellant proceeded to touch Crystal as he had done
the previous night and then he showed her a pornographic movie.

The same day Ms.
Anderson and Mrs. Narvaiz returned, Appellant and Crystal were supposed to go
to the store, but instead, Crystal
testified that they drove out to the Amiddle
of nowhere.@  Crystal
testified that this happened during the day and that the property they drove to
had oil tanks, oil pumps, and a house.  Crystal testified that
she climbed over to the driver=s
seat where Appellant proceeded to sexually assault her.  She testified that Appellant pulled her pants
and underwear down and had her position herself on her hands and knees.  Crystal
could not remember if Appellant just had his pants unzipped or if he also
pulled down his underwear.  She testified
that Appellant once again rubbed Ahis
thing against [her] butt cheeks@
and then anally penetrated her.

In his sole issue
for review, Appellant asserts that his trial counsel was ineffective because he
elicited evidence of Appellant=s
prior misconduct of a sexual nature against a young child.  The State maintains that Appellant=s trial counsel=s
actions were in a clear attempt to impeach Crystal=s
mother=s
testimony.  In his reply brief, Appellant
contends that the fact that no motion for new trial was filed is further
evidence of the ineffectiveness of his trial counsel.  








Standard
of Review

We review claims
of ineffective assistance of counsel under the two‑prong test set out by
the United States Supreme Court in Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in Hernandez
v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  First, the defendant must show that trial
counsel=s performance
was deficient, that is, counsel=s
representation fell below an objective standard of reasonableness.   Thompson v. State, 9 S.W.3d 808, 812
(Tex.Crim.App. 1999); Strickland, 466 U.S. at 687‑88, 104 S.Ct. at
2064.  Second, the defendant must show
that counsel=s
deficient performance prejudiced the defense. 
Strickland, 466 U.S.
at 687, 104 S.Ct. at 2064; Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994).  This requires the
defendant to show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of
the proceeding would have been different. 
Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694,
104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.  It is the defendant=s
burden to prove ineffective assistance of counsel by a preponderance of the
evidence. Thompson, 9 S.W.3d at 813. 









In reviewing a
claim of ineffective assistance of counsel, we must indulge a strong
presumption that counsel=s
conduct falls within the wide range of reasonable professional assistance and
the appellant must overcome the presumption that the challenged conduct might
be considered sound trial strategy.  Thompson,
9 S.W.3d at 813; Strickland, 466 U.S. at 689, 104 S.Ct. at
2065.  Any allegation of ineffectiveness
must be firmly founded and affirmatively demonstrated in the record to overcome
this presumption.  Thompson, 9
S.W.3d at 813; see Jackson,
877 S.W.2d at 771.  In the majority of
instances, this task is extremely difficult because Athe
record on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel.@  Thompson, 9 S.W.3d at 813‑14.  When faced with a silent record as to counsel=s strategy, this Court will not
speculate as to the reasons for counsel=s
actions.  See Jackson, 877 S.W.2d at 771.  The Court of Criminal Appeals in Thompson,
further advises that A[a]n
appellate court should be especially hesitant to declare counsel ineffective
based upon a single alleged miscalculation during what amounts to otherwise
satisfactory representation, especially when the record provides no discernible
explanation of the motivation behind counsel=s
actions‑‑whether those actions were of strategic design or the
result of negligent conduct.@  Thompson, 9 S.W.3d at 814.  In this case, Appellant did not file a motion
for new trial to challenge the alleged ineffectiveness of his counsel.  The record before this Court does not contain
trial counsel=s
explanations of the reasons for the inaction alleged as error, therefore it
will be difficult for Appellant to rebut the strong presumption that trial
counsel=s conduct
falls within the wide range of reasonable professional assistance.  See id.

During
cross-examination of Anna Carrillo, a therapist at Harmony Home Children=s Advocacy Center who provided therapy
to Crystal, Appellant=s
trial counsel asked if the victim=s
mother had made allegations about her other daughter suffering abuse when she
was younger.  Ms. Carrillo responded that
those allegations had been made to Eve Flores, a caseworker also at the
advocacy center.  The State objected to
this testimony on the grounds of relevancy. 
In response, Appellant=s
trial counsel stated that the purpose for eliciting such testimony was to
impeach Crystal=s mother=s
testimony.  The trial court overruled the
State=s
objection and Appellant=s
trial counsel asked Ms. Carrillo:








If the mother indicated that there was
prior -- the mother said she confronted him back several years ago when they
lived in Oklahoma
about other abuse allegations; is that correct?

 

Ms. Carrillo stated once again that
such information was in Ms. Flores=s
report.  Appellant=s
trial counsel finally was able to have Ms. Castillo state the following
regarding the alleged sexual abuse Crystal=s younger sister suffered at the hands
of the Appellant:  

The little girl mentioned to me that
mommy had told her, but she didn=t
really remember, because she was only 3. 
She would not have the ability to remember at that age.

 

Viewing this
evidence alone, it would appear that the testimony elicited was prejudicial and
contrary to Appellant=s
interest as is asserted on appeal. 
However, we are required to review the totality of the representation to
determine if the alleged error caused an improper verdict.  See McFarland v. State, 928 S.W.2d 482,
500 (Tex.Crim.App. 1996).  Considering
the record as a whole, it becomes apparent that trial counsel was not deficient
in his performance, but was rather attempting to carry out a defensive theory
that Crystal=s mother
had made Crystal believe that she had suffered the sexual abuse as a form of
retaliation against the Appellant for a previous dispute.

During the
cross-examination of Crystal, Appellant=s trial counsel asked questions that
would aide him in establishing that Ms. Anderson did not like the Appellant and
that she told Crystal
what to say regarding the abuse. 
Similarly, while cross-examining Ms. Flores, Appellant=s trial counsel asked questions about
the possibility of a child being coached and the likelihood of Crystal having been coached as to what to say
regarding the alleged abuse.  In
cross-examining Ms. Anderson, Appellant=s
trial counsel elicited testimony regarding previous charges she attempted to
file against the Appellant and other details depicting a troubled relationship.








In his closing
argument, Appellant=s trial
counsel made the argument that Ms. Anderson had become blinded by her own
desire to get back at Appellant for a dispute that occurred between them.  At the beginning of his closing, Appellant=s trial counsel made the comment that A[i]t is amazing the things you can get
your children to believe.  To get your
children to say.@  He also pointed out the fact that Crystal=s
mother did not shed a tear when she was talking about Crystal trying to kill herself because of the
abuse she had suffered.  He vigorously
argued that Ms. Anderson had told both Crystal and her sister that Appellant
had abused them and that she had coached them as to what to say regarding such
abuse.  The State also responded to
Appellant=s trial
counsel=s defense
theory in its closing argument.  

A review of the
entire record shows that trial counsel never strayed from his position that the
victim=s mother
had placed the idea of abuse into Crystal=s head and that Appellant had not
committed the alleged offenses.  Finding
nothing deficient about counsel=s
representation, we overrule Issue One.

Accordingly, we
affirm the trial court=s
judgment.

 

 

 

August 19, 2004

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and
Chew, JJ.

 

(Do Not Publish)











[1]
Appellant was also charged with indecency with a child in cause number B-29,487
and in a consolidated jury trial was found guilty and assessed a punishment of
ten years=
confinement to run consecutively with this sentence, and a $10,000 fine.  Appellant has also appealed his conviction in
cause number B-29,487.  We affirmed that
decision in an unpublished opinion issued this same date.  Navariz v. State, No. 08-02-00384-CR
(Tex.App.--El Paso
August 19, 2004, no pet.h.).





[2]
The name Crystal
is spelled AKrystal@ in the indictment for both cause
numbers.  However, throughout the entire
record, the name is spelled with a AC= and for the purposes of consistency,
we will also adopt such spelling.